UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

ELIZABETH LORIE,

    Plaintiff,

v.                                    CASE NO.:

JUPITER MEDICAL CENTER, INC.,
a Florida Not for Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELIZABETH LORIE ("Ms. Lorie" or "Plaintiff") files this Complaint against Defendant, JUPITER MEDICAL CENTER, INC., A Florida Not for Profit Corporation ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Palm Beach County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her own serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Lorie worked for Defendant as an Associate General Counsel from March 13, 2017, until October 24, 2019.

8. In all respects, Ms. Lorie was an excellent employee, who had no significant history of non-FMLA related attendance, disciplinary, or performance issues.

9. On July 25, 2019, Plaintiff applied for FMLA leave due to her own serious health condition.

10. Defendant approved same, and Plaintiff commenced her FMLA leave on July 29, 2019.

11. Plaintiff was approved for FMLA leave through approximately September 3, 2019, and returned to work as scheduled on September 4, 2019.

12. Upon her return, Plaintiff notified Defendant's Human Resources Department and her Direct Supervisor, Karen Davila ("Ms. Davila") that her doctor recommended intermittent FMLA leave for her moving forward, and that she intended to apply for same in the near future.

13. At the time Plaintiff returned from FMLA leave, she still had remaining FMLA leave available.

14. At no time prior to Plaintiff's FMLA leave, had Defendant suggested to, or notified Plaintiff of, the possibility that her position was being considered for elimination or outsourcing.

15. Less than a week after Plaintiff returned from FMLA leave, Ms. Davila accosted her and expressed her disgust with Plaintiff taking FMLA leave stating that Plaintiff availed herself of such leave to: "stick it to [her]."

16. Plaintiff immediately objected to this comment, and notified Human Resources of Ms. Davila's actions and statement, and notified Human Resources that she felt she was being retaliated against for availing herself of her FMLA rights.

17. From that point forward, Ms. Davila ratcheted up her negative behavior toward Plaintiff in the workplace and made her workplace uncomfortable and treated Plaintiff in a negative manner based on Ms. Davila's stated contempt for Plaintiff's use of FMLA leave.

18. Plaintiff did not further complete her FMLA intermittent leave paperwork based on her fear that Ms. Davila would retaliate further against her if she utilized FMLA leave, again.

19. Based on this behavior, and the ongoing retaliation to which she as being subjected for utilizing FMLA leave, on October 22, 2019, Plaintiff corroborated her concerns about Ms. Davila's retaliatory conduct in writing to Defendant's management and expressly objected to same.

20. On October 23, 2019, the next day, Plaintiff experienced a drug interaction as a result of the medication she was taking for her serious health condition and had to seek immediate medical treatment.

21. At that time, Plaintiff's doctor reminded Plaintiff that he would complete her FMLA certification for his previously stated instruction for her to take intermittent FMLA leave.

22. On October 24, 2019, Defendant, through Ms. Davila and Human Resources, terminated Plaintiff's employment; Defendant has since outsourced her work.

23. In the weeks prior to Plaintiff's termination, she had just received an excellent evaluation and a 2.5 percent pay increase, and no statement was made to her regarding the possibility of her job being eliminated or outsourced.

24. The timing of Plaintiff's termination, along with the comments from Ms. Davila regarding her disdain for Plaintiff's prior FMLA leave, demonstrates that Defendant interfered with and retaliated against Ms. Lorie for using her approved FMLA leave.

25. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against, Plaintiff for her use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

26. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

27. The timing of Plaintiff's use of her protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected FMLA leave, and the illegal actions taken against her by Defendant.

28. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of FMLA protected leave.

29. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

30. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

### COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above.

32. At all times relevant hereto, Plaintiff was protected by the FMLA.

33. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

34. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

35. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- RETALIATION UNDER THE FMLA

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30, above.

38. At all times relevant hereto, Plaintiff was protected by the FMLA.

39. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

40. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave.

41. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to take approved leave pursuant to the FMLA.

42. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 12th day of December 2019.

Respectfully Submitted,

By:/s/ **Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No.: 0085476
Alexander T. Harne, Esq.
Florida Bar No.: 126932
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

                E-mail: noah@floridaovertimelawyer.com
                E-mail: aharne@floridaovertimelawyer.com
                *Attorneys for Plaintiff*