UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

ELIZABETH LORIE,

    Plaintiff,

v.                                    CASE NO. 9:19-cv-81669-DMM

JUPITER MEDICAL CENTER, INC.,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, JUPITER MEDICAL CENTER, INC., a Florida Not for Profit corporation ("Defendant"), by and through undersigned counsel, hereby responds to the Complaint and Demand for Jury Trial filed by Plaintiff, ELIZABETH LORIE ("Plaintiff") as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted, because neither Defendant, nor any of its agents, committed any unlawful practice, and Plaintiff is not entitled to any relief.

**INTRODUCTION**

1.    Defendant admits Plaintiff purports to allege a cause of action pursuant to the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA"). Defendant denies Plaintiff can establish a cause of action under the FMLA or that Defendant is liable to Plaintiff for any relief and further denies any and all remaining allegations contained in Paragraph 1 of the Complaint.

2.    Defendant admits that Plaintiff seeks certain damages. Defendant denies it is liable to Plaintiff for any relief. Defendant denies any and all remaining allegations contained in Paragraph 2 of the Complaint.

1

## JURISDICTION, VENUE, and FMLA COVERAGE

3. Defendant admits the United States District Court for the Southern District of Florida has subject matter jurisdiction over Plaintiff's FMLA claims. Defendant denies all allegations of wrongdoing and denies that Plaintiff is entitled to relief. Defendant denies any and all remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant is without knowledge of what Plaintiff considers "all times relevant hereto." Defendant admits only that Plaintiff was an employee of Defendant for a period of time. Defendant denies any and all remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant is without knowledge of what Plaintiff considers "at all times relevant hereto." The remaining allegations contained within Paragraph 5 are legal conclusions which do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations contained within Paragraph 5 of the Complaint.

6. Defendant is without knowledge of what Plaintiff considers "at all times relevant hereto." Defendant admits Plaintiff was an employee of Defendant and that she worked for at least 1,250 hours in the twelve months preceding her request for leave. Defendant is without knowledge as to the severity of Plaintiff's health condition and therefore denies any and all remaining allegations in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits only that Plaintiff applied for FMLA leave, but denies any and all remaining allegations asserted in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits Plaintiff verbally complained about Ms. Davila to Human Resources. Defendant denies the remainder of the allegations and characterizations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits Plaintiff reached out to management. Defendant denies the remainder of the allegations and characterizations contained in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge and information sufficient to form a belief as to the allegations asserted in Paragraph 20 of the Complaint, and therefore denies any and all allegations contained therein.

21. Defendant lacks knowledge and information sufficient to form a belief as to the allegations asserted in Paragraph 21 of the Complaint, and therefore denies any and all allegations contained therein.

22. Defendant admits Plaintiff was terminated on October 24, 2019; however, Defendant denies it has "outsourced" Plaintiff's work. Defendant denies any and all remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits only that Plaintiff received a 2.5% pay increase; however, Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT I – UNLAWFUL INTERFERENCE UNDER THE FMLA

31. Defendant repeats and re-alleges its responses to Paragraphs 1-30 of the Complaint as if fully stated herein.

32. Defendant is without knowledge as to what Plaintiff considers or how Plaintiff defines "protected" under the FMLA. Defendant denies that its actions with respect to Plaintiff's employment violated any protections provided by the FMLA. Defendant denies any and all remaining allegations contained within Paragraph 32 of the Complaint.

33. Defendant is without knowledge as to what Plaintiff considers or how Plaintiff defines "protected" under the FMLA. Defendant denies that its actions with respect to Plaintiff's employment violated any protections provided by the FMLA. Defendant denies any and all remaining allegations contained within Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained within Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained within Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained within Paragraph 36 of the Complaint.

Defendant admits that Plaintiff purports to seek the relief outlined in the Prayer for Relief contained in Count I of the Complaint. Defendant denies that Plaintiff is entitled to such relief or any relief from Defendant.

## **COUNT II – RETALIATION UNDER THE FMLA**

37. Defendant repeats and re-alleges its responses to Paragraphs 1-30 of the Complaint as if fully stated herein.

38. Defendant is without knowledge as to what Plaintiff considers or how Plaintiff defines "protected" under the FMLA. Defendant denies that its actions with respect to Plaintiff's employment violated any protections provided by the FMLA. Defendant denies any and all remaining allegations contained within Paragraph 38 of the Complaint.

39. Defendant is without knowledge as to what Plaintiff considers or how Plaintiff defines "protected" under the FMLA. Defendant denies that its actions with respect to Plaintiff's employment violated any protections provided by the FMLA. Defendant denies any and all remaining allegations contained within Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained within Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained within Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained within Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained within Paragraph 43 of the Complaint.

Defendant admits that Plaintiff purports to seek the relief outlined in the Prayer for Relief contained in Count II of the Complaint. Defendant denies that Plaintiff is entitled to such relief or any relief whatsoever from Defendant.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has demanded a jury trial, but denies that she is entitled to such.

## DEFENSES

Defendant asserts the following affirmative and other defenses, without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

## SECOND DEFENSE

As Plaintiff received all of the leave to which she had requested or was otherwise entitled to under the FMLA, Plaintiff's claim of FMLA interference must fail.

## THIRD DEFENSE

Plaintiff's claim of FMLA interference fails because Defendant did not take any action that either restrained or denied Plaintiff's exercise of any rights under the FMLA or prevented her from attempting to exercise such rights.

## FOURTH DEFENSE

To the extent Plaintiff has failed to mitigate her damages, she is not entitled to relief.

## FIFTH DEFENSE

Some or all of Plaintiff's claims may be barred to the extent the evidence demonstrates Plaintiff did not have a "serious health condition," as that term is defined under the FMLA.

### SIXTH DEFENSE

Plaintiff's claims under the FMLA are barred to the extent that she may have failed to fulfill her notice requirements.

### SEVENTH DEFENSE

To the extent Plaintiff was not eligible for FMLA leave at the time of any alleged request for leave, Plaintiff cannot recover.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitations.

### NINTH DEFENSE

Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons consistent with business necessity and unrelated to Plaintiff's exercise of FMLA rights.

### TENTH DEFENSE

To the extent that any improper, illegal, or discriminatory acts may be determined to have been taken against Plaintiff by an employee of Defendant, any such acts occurred outside of the course and scope of employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

### ELEVENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damage demands must be set-off against or reduced by any wages, compensation, or other benefits received by Plaintiff or which was earnable or receivable with the exercise of due diligence by Plaintiff.

## TWELFTH DEFENSE

Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because, at all times relevant to this action, any act or omission by Defendant giving rise to Plaintiff's claim for relief was made in good faith, and Defendant had reasonable grounds for believing that its act or omission was not a violation of the FMLA.

## THIRTEENTH DEFENSE

Defendant avers that any award of liquidated damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## FOURTEENTH DEFENSE

An award of liquidated damages is not proper in this case because Plaintiff cannot show that Defendant intended to cause injury to Plaintiff or otherwise acted with reckless or wanton disregard for Plaintiff's rights.

## FIFTEENTH DEFENSE

Upon discovery of sufficient facts, Defendant reserves the right to raise the defenses of "unclean hands" or "after-acquired evidence."

## SIXTEENTH DEFENSE

Defendant would have eliminated and/or outsourced the position held by Plaintiff regardless of her absence from work on FMLA leave.

## SEVENTEENTH DEFENSE

There is no causal connection between protected conduct by Plaintiff and the elimination of her position, and there is no evidence of animus by the Defendant against the Plaintiff for the exercise of any right protected by 29 U.S.C. §2601, *et seq.*

## **RESERVATION OF RIGHTS**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available. Defendant reserves its right to assert additional defenses are permitted by the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant, JUPITER MEDICAL CENTER, INC., respectfully requests this Court dismiss this Complaint, enter judgment in favor of Defendant, award Defendant its costs of defending this action, including but not limited to, reasonable attorneys' fees, and award Defendant such other relief as the Court deems proper.

**DATED** this 23rd day of January, 2020.

Respectfully submitted,

*/s/Ignacio J. Garcia*
IGNACIO J. GARCIA
Florida Bar No. 423440
LARA J. PEPPARD
Florida Bar No. 520055
STEPHANIE C. GENEROTTI
Florida Bar No. 112924
OGLETREE, DEAKINS, NASH, SMOAK &
 STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL  33602
Telephone:  813.289.1247
Facsimile:  813.289.6530
iggy.garcia@ogletree.com
lara.peppard@ogletree.com
stephanie.generotti@ogletree.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day January, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Noah E. Storch at:

> Noah E. Storch, Esq.
> Richard Celler Legal, P.A.
> 10368 West S.R. 84, Suite 103
> Davie, Florida 33324
> E-mail: noah@floridaovertimelawyer.com
> Attorneys for Plaintiff

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

                                                     */s/Ignacio J. Garcia*
                                                     Ignacio J. Garcia

41310148.1